UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN XAVIER GEORGE ANAYA,
Plaintiff,
v.
COUNTY OF NAPA, et al.,
Defendants.

Case No. 26-cv-07988-TSH

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS UNDER RULES 12(b)(1) AND 12(b)(6)**

Re: Dkt. No. 18

United States District Court
Northern District of California

## I. INTRODUCTION

Plaintiff John Xavier George Anaya, who is self-represented, brings this action against several defendants, including Defendant Robert Fleshman, alleging defendants violated Anaya's civil rights and impeded his access to public services in Napa County. ECF No. 1. Pending before the Court is Fleshman's Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[1] ECF No. 18 ("Mot."). The Court finds this matter suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b) and **VACATES** the November 19, 2026, hearing. For the reasons stated below, the Court **GRANTS** the motion.[2]

## II. BACKGROUND

### A. Factual Background

Anaya, a resident of Virginia, is a disabled veteran with PTSD and related neurological and communication limitations that affect his ability to interact effectively in high-stress settings. First

[1] The other defendants filed a separate motion to dismiss. *See* ECF No. 20. The Court addresses that motion in a separate order.

[2] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 4, 8, 12.

United States District Court
Northern District of California

Am. Compl. ("FAC") ¶¶ 7, 19. Overall, Anaya alleges that defendants violated his civil rights by (1) "report routing" and "alleged dissemination" concerning a report Anaya made to Napa County Child Welfare Services; (2) "security-binder practices, County service-access restrictions," and "continuing administrative barriers" related to a workplace-violence restraining order obtained against Anaya by Napa County; and (3) "disability-grievance handling" related to Anaya's ADA complaint. *Id.* ¶¶ 1–14, 33–49.

Fleshman is the Court Executive Officer for the Superior Court of California, County of Napa. *Id.* ¶ 31. Anaya "does not assert an individual-capacity Title II damages claim against Fleshman and reserves a court-entity Title II action, if any, for a separate action against legally appropriate defendants." *Id.* And Anaya "expressly does not name the Superior Court of California, County of Napa, the Judicial Council of California, or Chief Justice Patricia Guerrero as defendants in this action." *Id.* ¶ 14.

Anaya alleges the following in the FAC. On September 30, 2024, after filing a County ADA grievance, Anaya "delivered a County tort claim." *Id.* ¶¶ 43, 47. On October 1, 2024, Rebecca Craig, Assistant County Executive Officer, sent a courtesy copy of the claim to Fleshman. *Id.* ¶¶ 25, 47. Fleshman responded, "Thank you. We are very familiar with this individual." *Id.* ¶ 47.

On October 29, 2024, Anaya submitted an MC-410 accommodation request requesting "audio/video recording and identified PTSD, neurological issues, and difficulty communicating effectively." *Id.* ¶ 48. Fleshman responded on October 30, 2024, stating "the court did not provide audio/video recording services and referred to court-reporter procedures." *Id.*

Anaya seeks injunctive relief "for present/future County access procedures"; he faces "ongoing irreparable injury because he remains blocked from or materially burdened in obtaining" public services in Napa County. *Id.* ¶¶ 80–81.

**B. Procedural Background**

On July 31, 2026, Anaya filed this action against defendants County of Napa, Cristene

Campana-Briceno,[3] Susan B. Altman, Sheryl L. Bratton, Alfredo Larranaga, Rebecca Craig, Alexysus Vosmeier, Veronica Piper Jefferson, Jennifer Yasamoto, Amy Medina, Alejandro Quiroz, and Robert Fleshman. ECF No. 1 ("Compl."). In his Complaint, Anaya alleged six causes of action: (1) First Amendment Retaliation (42 U.S.C. § 1983); (2) Conspiracy (42 U.S.C. §§ 1983, 1985); (3) Title II ADA, County Building Access (42 U.S.C. § 12132); (4) Stigma-Plus Due Process (42 U.S.C. § 1983); (5) Municipal Liability (Monell), County of Napa; and (6) State-Created Danger (42 U.S.C. § 1983). Compl. ¶¶ 78–99.

On September 14, 2026, Anaya filed the operative First Amended Complaint ("FAC") against the same defendants. ECF No. 13-1. Anaya alleges eight causes of action: (1) Title II ADA: County Services and Meaningful Access; (2) ADA Retaliation and Interference (42 U.S.C. § 12203); (3) First Amendment Retaliation (42 U.S.C. § 1983); (4) Stigma-Plus Procedural Due Process (42 U.S.C. § 1983); (5) State-Created Danger (42 U.S.C. § 1983); (6) Municipal Liability Against County of Napa (42 U.S.C. § 1983); (7) Conspiracy (42 U.S.C. § 1983); and (8) Section 504 of the Rehabilitation Act (29 U.S.C. § 794) (Against County of Napa). FAC ¶¶ 50–78. Anaya seeks, *inter alia*, a declaratory judgment, injunctive relief, and damages. *Id.* at 18.

On October 8, 2026, Fleshman filed the instant Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 18 ("Mot."). On October 23, 2026, Anaya filed an Opposition and alternative motion for leave to amend. ECF No. 21-2 ("Opp."). On October 28, 2026, Anaya filed a motion for leave to file an amended complaint. ECF No. 23. On October 29, 2026, Fleshman filed a Reply to Anaya's Motion to Dismiss. ECF No. 25 ("Reply").

## III. LEGAL STANDARD

### A. 12(b)(1)

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Accordingly, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the

[3] Cristene Campana-Briceno is erroneously sued as Christine Briseno. ECF No. 20 at 1.

contrary rests upon the party asserting jurisdiction." *Id.* (cleaned up); *accord Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

Federal Rule of Civil Procedure 12(b)(1) authorizes a party to move to dismiss a lawsuit for lack of subject matter jurisdiction. Lack of jurisdiction under Eleventh Amendment sovereign immunity is properly raised in a Rule 12(b)(1) motion. *Forward, Inc. v. Macomber*, 178 F.4th 470, 472 (9th Cir. 2026).

A jurisdictional challenge may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where the attack is facial, the court determines whether the allegations contained in the complaint are sufficient on their face to invoke federal jurisdiction, accepting all material allegations in the complaint as true and construing them in favor of the party asserting jurisdiction. *Warth v. Seldin*, 422 U.S. 490, 501 (1975). Where the attack is factual, however, "the court need not presume the truthfulness of the plaintiff's allegations." *Safe Air for Everyone*, 373 F.3d at 1039. In resolving a factual dispute as to the existence of subject matter jurisdiction, a court may review extrinsic evidence beyond the complaint without converting a motion to dismiss into one for summary judgment. *Id.*; *see Gordon v. United States*, 739 F. App'x 408, 411 (9th Cir. 2018) (explaining that a court "may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction") (cleaned up). To overcome a factual challenge, a plaintiff must "support their jurisdictional allegations with competent proof." *Friends of the Earth v. Sanderson Farms, Inc.*, 992 F.3d 939, 944 (9th Cir. 2021) (cleaned up). Further, dismissal of a complaint without leave to amend should only be granted where the jurisdictional defect cannot be cured by amendment. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

**B. 12(b)(6)**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim. A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011) (cleaned up). Rule 8 provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

Fed. R. Civ. P. 8(a)(2). Thus, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility does not mean probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *Twombly*, 550 U.S. at 555 (citation omitted).

In considering a motion to dismiss, the court accepts factual allegations in the complaint as true and construes the pleadings in the light most favorable to the nonmoving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008); *accord Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (cleaned up). A court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Courts have broader discretion in denying motions for leave to amend after leave to amend has already been granted. *See Rich v. Shrader*, 823 F.3d 1205, 1209 (9th Cir. 2016) ("[W]hen the district court has already afforded a plaintiff an opportunity to amend the complaint, it has wide discretion in granting or refusing leave to amend after the first amendment, and only upon gross abuse will its rulings be disturbed.") (cleaned up); *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad.") (cleaned up).

## IV. DISCUSSION

Fleshman moves to dismiss all claims against him for lack of federal subject matter jurisdiction and failing to state a cognizable claim.[4] Mot. at 1. Anaya brings four claims (Claims 3, 4, 5, and 7) against Fleshman under 42 U.S.C. § 1983 ("Section 1983"). FAC ¶¶ 60–71, 76–78. And Anaya brings two claims (Claims 1 and 2) against Fleshman under the Americans with Disability Act ("ADA"). *Id.* ¶¶ 50–59. Anaya requests the Court deny Fleshman's Motion "to the extent the operative allegations state a claim, consideration of the accompanying request for judicial notice and claim-specific equitable tolling, and, alternatively, leave under Rule 15(a)(2) to file a complete Second Amended Complaint."[5] Opp. at 6:1–6.

In sum, the Court concludes that the Eleventh Amendment bars Anaya's Section 1983 claims against Fleshman. The Court further concludes that Anaya's ADA claims against Fleshman fail to comply with Federal Rule of Civil Procedure 8. Therefore, dismissal of Claims 1–5 and 7 against Fleshman is warranted.

### A. Jurisdictional Arguments

Fleshman argues that the Court lacks jurisdiction over Anaya's Section 1983 claims against Fleshman because they are barred by the Eleventh Amendment. Mot. at 3:1–4:10. Anaya

---

[4] In the FAC, Anaya alleges Claims 6 (Municipal Liability) and 8 (Section 504 of the Rehabilitation Act) against only the County of Napa. FAC at 14–15. For the purposes of this Motion, the Court assumes that Claims 1–5 and 7 are alleged against Fleshman.

[5] In his Opposition, Anaya references a "separate judicial-notice request [that] specifies the limited procedural purposes" of a record from federal court. Opp. at 7:15–21. The Court cannot find a separate request for judicial notice in Anaya's filing, but it appears that Anaya requests the Court take judicial notice of an opinion from the Eastern District of Virginia in a case where Anaya is the plaintiff. *Id.*; *see Anaya v. Cnty. of Napa*, No. 3:25-cv-255(RCY), 2026 WL 736765 (E.D. Va. Mar. 16, 2026), *aff'd*, No. 26-1415, 2026 WL 2922937 (4th Cir. Sept. 29, 2026). The Federal Rules of Evidence allow the Court to "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). As such, courts may take judicial notice of documents filed in a court proceeding. *See United States v. Raygoza-Garcia*, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER."); *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (noting court may take judicial notice of "documents on file in federal or state courts"). Therefore, the Court takes judicial notice of the existence of the opinion from the Eastern District of Virginia; however, the Court does not take notice of the document "for the truth of the matter asserted therein." *In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1067 (N.D. Cal. 2010).

contends that a state employee can be a "person" under Section 1983. Opp. at 23:8–24:22.

The Eleventh Amendment to the United States Constitution states:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const., amend. XI. Broadly, the Eleventh Amendment is a jurisdictional bar to "federal jurisdiction over suits against unconsenting States." *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 54 (1996). Eleventh Amendment immunity "extends not just to suits in which the state itself is a named party but also to those against an 'arm of the state.'" *Kohn v. State Bar of California*, 87 F.4th 1021, 1026 (9th Cir. 2023) (en banc) (cleaned up).

The Eleventh Amendment's bar extends to state officials sued in their official capacity for damages; thus, a Section 1983 damages suit cannot be maintained against a state official sued in their official capacity. *See Kentucky v. Graham*, 473 U.S. 159, 167 (1985) (explaining individuals in official-capacity action may claim Eleventh Amendment immunity); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding state officials sued in their official capacities are not "persons" under § 1983 damages suits). However, the jurisdictional bar does not extend to state officials sued in their official capacity for injunctive relief. *Will*, 491 U.S. at 71 n.10. Nor does it preclude suit against a state official in their personal capacity. *See Hafer v. Melo*, 502 U.S. 21, 31 (1991) ("The Eleventh Amendment does not bar such suits [against 'state officials, sued in their individual capacities'].). As such, the Eleventh Amendment does not bar a Section 1983 suit for damages against a state official who is not sued in their official capacity. *See id.* at 30–31 ("[T]he Eleventh Amendment does not erect a barrier against suits to impose 'individual and personal liability' on state officials under § 1983.").

Here, the Court concludes that the Eleventh Amendment bars Anaya's Section 1983 claims against Fleshman. First, Fleshman is correct that the Superior Court of California is an arm of the state shielded by the Eleventh Amendment. Mot. at 3:13–15; *see Munoz v. Superior Ct. of Los Angeles Cnty.*, 91 F.4th 977, 980 (9th Cir. 2024) ("[T]he Superior Court of the State of California has sovereign immunity as an arm of the state."); Opp. at 23:9–10 ("Plaintiff accepts that the

California Superior Court is an arm of the State, not a County department."). Second, there is no indication that Fleshman is sued in his individual capacity—Anaya's allegations involve Fleshman acting in his capacity as a court officer. Mot. at 4:6–10; *see* FAC ¶¶ 47–48 (alleging Fleshman received Anaya's tort claim from an employee of Napa County and responded to Anaya's request for accommodation related to court services); Opp. at 23:20–26 ("Plaintiff's proposed narrowing concerns Fleshman's identified administrative role in issuing the October 30, 2024 MC-410 response."). Finally, the *Ex parte Young* doctrine—which permits a federal court to enjoin a state official from violating federal law—does not apply because Anaya does not seek injunctive relief against Fleshman. *Ex parte Young*, 209 U.S. 123, 155 (1908); Mot. at 2:17–22; *see, e.g.,* FAC ¶ 55 ("Plaintiff seeks declaratory and prospective injunctive relief against County of Napa[.]"). Therefore, the Eleventh Amendment shields Fleshman from Section 1983 liability.

Accordingly, the Court **GRANTS** Fleshman's motion to dismiss Anaya's Section 1983 claims (Claims 3, 4, 5, and 7) against Fleshman under Rule 12(b)(1).

**B. Sufficiency Of Claims**

Fleshman argues that Anaya's claims fail because (1) they do not comply with pleading standards under Federal Rule of Civil Procedure 8; and (2) they do not allege sufficient facts to support a cognizable claim under Federal Rule of Civil Procedure 12(b)(6). Mot. at 4:11–8:16.

To comply with Rule 8, a complaint need not provide detailed factual allegations, but it is "a plaintiff's obligation to provide the grounds of his entitlement to relief." *Twombly*, 550 U.S. at 555 (cleaned up). A plaintiff must do more than assert "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Rather, the plaintiff must provide sufficient factual allegations "to state a claim to relief that is plausible on its face." *Id.* at 570.

The Ninth Circuit has held that "shotgun pleadings," where "a party indiscriminately incorporates assertions from one count to another," can serve as a basis for dismissal under Rule 8. *Gibson v. City of Portland*, 165 F.4th 1265, 1288–90 (9th Cir. 2026). Thus, pleadings "that fail to provide the opposing parties and the district court with sufficient notice of the claims and their basis" fail under Rule 8. *Id.* at 1290. Importantly, "district courts do not have to accept such shotgun pleadings. It is not the job of the district courts to make sense of the pleading, to supply

facts to support the claim, or to imagine the claims that might fit the facts." *Id.* at 1289.

Here, because Anaya is self-represented, the Court must construe the pleadings liberally and afford him the benefit of the doubt. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). However, Anaya's self-represented status does not relieve Anaya of conformity to the pleading rules. *See, e.g.*, *Romano v. U.S. Army Core of Eng'rs*, No. 3:17-cv-00930-JD, 2017 WL 6448221, at *1 (N.D. Cal. Dec. 18, 2017).

In the FAC, Anaya seemingly asserts multiple ADA claims against multiple defendants, but he does not set forth a short and plain statement showing how *each defendant* is liable for each claim. *See* FAC ¶¶ 50–59. A plaintiff must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (cleaned up). As currently pled, Fleshman would not know where to begin in responding to Anaya's ADA claims because the claims do not allege how *Fleshman* is liable. *See* Mot. at 1:9–13 ("Plaintiff fails to specifically allege any claim against [Fleshman], nor does Plaintiff allege anything other than isolated facts relating to [Fleshman] without connecting those allegations to a claim."); *Gibson*, 165 F.4th at 1288 (explaining "a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against" is a type of shotgun pleading that forecloses meaningful response by the opposing party). Anaya states that "[a]dditional allegations are offered through the requested amendment," including how Fleshman violated the ADA under "a reasonable-modification theory." Opp. at 6:19–20, 24:12–13. However, as Anaya acknowledges, he cannot use his Opposition as a vehicle to add allegations to the FAC. *See id.* at 6:18–19 ("Plaintiff does not contend that legal argument or an opposition declaration silently amends the FAC."); *see also Gonzalez v. Apttus Corp.*, No. 21-cv-01844-JCS, 2022 WL 624443, at *3 (N.D. Cal. Mar. 3, 2022) ("Presenting new factual assertions in an opposition brief is not a substitute for allegations missing from a complaint.").

Accordingly, the Court **GRANTS** Fleshman's motion to dismiss Anaya's ADA claims (Claims 1 and 2) against Fleshman under Rule 12(b)(6).

**C. Leave To Amend**

Fleshman argues that the Court should deny Anaya leave to amend because Anaya cannot cure the defects in the FAC "by amending his pleadings yet again." Mot. at 1:21–22. Anaya responds that he should be granted leave to cure any pleading deficiencies. Opp. at 40:1–18.

Here, given Anaya's self-represented status and because it is not clear that the deficiencies of the FAC could not be cured by amendment, the Court thinks Anaya should be given one more opportunity to amend his complaint. Anaya asserts that he can "plead a properly supported administrative-access claim" and "a properly supported, narrowly tailored merits injunction after the necessary current-injury record is established." Opp. at 23:8–24:22, 25:14–17. As Fleshman acknowledges, to the extent Anaya seeks to allege a Section 1983 claim for injunctive relief against Fleshman in his official capacity, such a claim would not be subject to dismissal under the Eleventh Amendment. *Will*, 491 U.S. at 71 n.10; *see* Opp. at 23:16–24:12; Reply at 2:7–21.

In the FAC, Anaya seeks to allege facts through *in camera* review. FAC ¶ 49. Similarly, in his Opposition, Anaya requests protected procedures for presenting facts, including through sealing and *in camera* review. *E.g.,* Opp. at 23:5–6, 26:1–27:4, 40:20–41:20. Anaya should file an appropriate sealing motion or request for *in camera* review should he desire such procedures. *See id.* at 41:4–6 (citing Fed. R. Civ. P. 5.2, 26(c)); *see also* Civ. L.R. 79-5 (Filing Documents Under Seal in Civil Cases).

Accordingly, the Court **GRANTS** Anaya leave to amend the claims against Fleshman to address the deficiencies identified in this Order.[6] The Court does not grant Anaya leave to add new claims or parties, or otherwise change the allegations except to correct the identified deficiencies or as expressly permitted by this Order.

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS** Fleshman's Motion to Dismiss. Anaya may file an amended complaint consistent with this Order by December 3, 2026.

---

[6] Because the Court grants Anaya leave to amend, the Court **DENIES** as moot Anaya's motion in the alternative for leave to amend the complaint. Opp. at 40:1–18. The Court also **DENIES** as moot Anaya's motion at ECF No. 23 for leave to file an amended complaint.

United States District Court
Northern District of California

**A. Requirements for Amended Complaint**

The Court advises Anaya that an amended complaint replaces a prior complaint, meaning the prior complaint is treated as non-existent. *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). This means the amended complaint must include all the facts, claims, and defendants that are to be considered by the Court, and the amended complaint may not incorporate any part of the original complaint by reference. *See* Civ. L.R. 15-1. The Court will not consider exhibits attached to the original complaint unless they are attached to the amended complaint.

In addition, any amended complaint must include the following sections:

> **Caption Page**
> On the first page, list the names of the defendant(s), the case number used in this order (26-cv-7988-TSH), the title ("SECOND AMENDED COMPLAINT"), and write "Demand for Jury Trial" if you want your case to be heard by a jury.
>
> **Form of Pleadings**
> The factual allegations and claims must be written in numbered paragraphs, each limited as far as practicable to a single set of circumstances.
>
> **Subject Matter Jurisdiction**
> The first numbered paragraph in your complaint (labeled "Jurisdiction") should explain why this Court has the power to decide this kind of case. A federal court can hear a case based on a federal question jurisdiction (a violation of federal law under 28 U.S.C. § 1331) or diversity jurisdiction (when all plaintiffs and all defendants are citizens of different states disputing more than $75,000) under 28 U.S.C. § 1332.
>
> **Parties**
> In separate paragraphs for each party, identify the plaintiff(s) and defendant(s) in the case.
>
> **Statement of Facts**
> Explain the important facts in numbered paragraphs, describing how the defendant(s) violated the law and how you have been injured. If any document is attached to the amended complaint, Plaintiff must explain in the numbered factual allegations what the document is alleged to show and how it relates to a particular defendant and claim.
>
> **Claims**
> For each claim, include a separate heading identifying the specific law allegedly violated. Under each heading, state in separately numbered paragraphs the facts supporting that claim, including what each defendant did, when the conduct occurred, the names of the persons involved, how each defendant's actions violated the identified law, and how those actions harmed you.

Anaya should note that although leave to amend has been granted, it is not for the purposes of adding new claims or defendants, other than as requested by the Court. Anaya should focus the amended complaint on claims and defendant(s) relating solely to issues discussed herein.

**B. Assistance for Self-Represented Litigants**

The Court advises Anaya that free legal help is available through the Northern District of California's Legal Help Centers, a free service offered by the Justice & Diversity Center of the Bar Association of San Francisco. Anaya may request an appointment by emailing fedpro@sfbar.org or calling 415-782-8982. At the Legal Help Center, you will be able to speak with an attorney who may be able to provide basic legal help but not representation. More information is available at https://cand.uscourts.gov/representing-yourself/free-legal-help-people-without-lawyers.

Anaya may also wish to obtain a copy of this District's *Handbook for Litigants Without a Lawyer*, which provides instructions on how to proceed at every stage of your case. The handbook is available in person at the Clerk's Office and online at: http://cand.uscourts.gov/prosehandbook.

**IT IS SO ORDERED.**

Dated: November 3, 2026



THOMAS S. HIXSON
United States Magistrate Judge